IFEOMA Y. EJEZIE, ESQ
NJ Bar No.: 037602004
EJEZIE LAW FIRM, LLC
6 South Broad Street, Fl. 2L
Elizabeth, New Jersey 07202
Ph: (908) 469-4888
Fax: (908) 469-4889
Ejezielawfirm@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**DRU CAPITAL LLC,**
**2008 FOXMEADOW WAY**
**BOWIE, MD 20721 and**
**CHIGOZIE OBASI AGBAFOR, d/b/a**
**ACO LOGISTICS**
**8310 JORINE DR. Dr.**
**HOUSTON, TX 77036-7336,**

        Plaintiffs,

        v.

**EMMANUEL EGBOSIMBA, INDIVIDUALLY and**
**as OFFICER OF SIMPLE ASSURANCE LLC,**
**and SIMPLE ASSURANCE LLC a/k/a SAMPLE**
**ASSURANCE LLC, 50 PIN OAK DRIVE,**
**TRENTON, NEW JERSEY 08638,**

        Defendants.

**CIVIL CASE NO. 3:20-cv-07696**

**MOTION TO RE-OPEN CASE AND**
**FOR OTHER ORDERS**

## MOTION TO REOPEN CASE AND FOR OTHER ORDERS

COME NOW, Plaintiffs by and through counsel, Ifeoma Ejezie Esq. of Ejezie Law firm, LLC and hereby respectfully move this Honorable Court for an order to reopen this case for the purpose of issuing orders that are relevant in carrying out its judgment order.

## PERTINENT FACT:

On August 19, 2020, this Court entered a default judgment order against the defendants, Emmanuel Egbosimba and Simple Assurance LLC. The last paragraph of the August 19, 2020 judgment order stated that "[t]his Court shall maintain jurisdiction over this matter until August____, 2023 to enforce this Order, and to award such other equitable and further relief as the Court deems just and proper." See Docket #8.

On August 21, 2020, this Court closed the case. The court docket does not mention whether the closure was for statistical reasons. In any event, this Court's assistance in satisfying its August 19, 2020 order is necessary.

## ARGUMENT:

This motion is brought pursuant to the All Writs Act, Title 28 U.S.C., Section 1651(a), Title 28 U.S.C., Section 2201(a), and ancillary jurisdiction of Title 28 U.S.C., Section 1332.

The All Writs Act, Title 28 U.S.C., Section 1651(a) states as follows: "[t]he Supreme Court and all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is well settled that the All Writs Act applies to prevent frustration of orders where the Court has continued jurisdiction or otherwise retained jurisdiction. See United States v. New York Tel. Co., 434 U.S. 159, 172(1977). See also United States v. Tabile, 166 F.3d 505, 506 (2nd Cir. 1999). All Writs

2

Act is appropriate here based on the language in the Court's August 19, 2020 order that retained jurisdiction over the matter..."to enforce this Order..."

The Declaratory Judgment Act is also appropriate in this scenario. The Act states as follows: "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. See 28 U.S.C., Section 2201(a).

Finally, this Court still maintains ancillary jurisdiction pursuant to originally pled Diversity of Citizenship jurisdiction under Title 28 U.S.C., Section 1332.

**RELIEF SOUGHT**:

1. **Request for Issuance of Subpoena for production of Documents, Information or Inspect (Rule 45, Federal Rules of Civil Procedure).**

Plaintiffs respectfully requests an issuance of subpoena so that they could obtain information relevant to satisfying this Court's August 19, 2020 judgment order.  Plaintiff has appended with this motion, a completed form to be signed by this Honorable Court.

2. **Request for Production of Documents to Judgment Debtor (Rule 34 and 69, Federal Rules of   Civil Procedure).**

Plaintiffs further requests an order so they could obtain information from Defendants necessary to satisfy this Court's August 19, 2020 judgment order.

3. **Request for a Writ of Execution**.

Plaintiff further requests an issuance of a writ of execution so the United States Marshals

Could aid in levying any property that might belong to the defendants in the quest to satisfy this Court's judgment.

4.   Plaintiffs further requests that this Honorable Court continue to retain jurisdiction until such a time that the judgment is satisfied and a record of its satisfaction is filed with the clerk.

WHEREFORE, Plaintiffs respectfully prays that this Court grant Order pursuant to Plaintiffs' requests stated herein.

Respectfully Submitted,

Ifeoma Y. Ejezie, Esq.
Attorney for the Plaintiffs

Dated: September 21, 2020.

4